UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES JENKINS,<br><br>                Plaintiff,<br><br>   -against-<br><br>COUNTY OF NASSAU; Police Officer DANIEL P. CONCANNON, Shield #3808; Police Officer ROBERT D. GALGANO, Shield #2774; and Police Officers JOHN DOE #1-5, shield numbers unknown.<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff James Jenkins, by and through his attorneys Emery Celli Brinckerhoff & Abady LLP, alleges as follows:

## INTRODUCTION

1.     On January 30, 2018, officers of the Nassau County Police Department ("NCPD") strip searched Plaintiff James Jenkins in the middle of a public street without any basis. Police officers wrongfully and without cause detained Jenkins, handcuffed him, locked him into a police car, and then pulled down his pants and underwear in the middle of the street to perform an invasive search—a search that yielded no contraband. Unable to come up with a plausible justification for his unlawful detention or search, police officers finally let Mr. Jenkins go.

2.     These actions were humiliating. They were wrong. Defendants are liable for these illegal acts.

## THE PARTIES

3.      Plaintiff James Jenkins is a citizen of the United States who resided in Queens County, New York at the time of the events giving rise to this Complaint.

4.      Defendant County of Nassau (the "County") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant County, acting through the NCPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NCPD matters, and was responsible for the appointment, training, supervision, and conduct of all NCPD personnel, including Defendant Officers Concannon and Galgano. In addition, at all relevant times, Defendant County was responsible for enforcing the rules of the NCPD and for ensuring that the NCPD personnel obey the laws of the United States and of the State of New York.

5.      Defendant Police Officer Daniel P. Concannon, shield #3808, was at all times relevant hereto an officer of the NCPD, acting in the capacity of agent, servant, and employee of Defendant County, and within the scope of his employment as such.

6.      Defendant Police Officer Robert D. Galgano, shield #2774, was at all times relevant hereto an officer of the NCPD, acting in the capacity of agent, servant, and employee of Defendant County, and within the scope of his employment as such.

7.      Defendants Police Officers John Does #1-5, names and shield numbers unknown, were each at all times relevant hereto officers of the NCPD, acting in the capacity of agent, servant, and employee of Defendant County, and within the scope of their employment as such.

8.      At all times relevant hereto, Officer Concannon, Officer Galgano, and Officers John Does #1-5 (collectively the "Officer Defendants") were acting under the color of state law.

2

## JURISDICTION AND VENUE

9.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and the New York State common law.

10.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(4), 1367(a), and the doctrine of supplemental jurisdiction.

11.     The acts complained of occurred in the Eastern District of New York, and venue in this Court is proper under 28 U.S.C. § 1391(b).

## JURY DEMAND

12.      Plaintiff demands a trial by jury in this action.

## FACTUAL ALLEGATIONS

13.     On January 30, 2018, Plaintiff James Jenkins was riding in a car driven by a friend.

14.     At approximately 2 am, the car in which Mr. Jenkins was riding was pulled over by Defendant NCPD officers Daniel P. Concannon and Robert D. Galgano ("the Named Defendant Officers") near the intersection of Renfrew Avenue and Ridge Road in Elmont, New York.

15.     After stopping the car, the Named Defendant Officers ordered the driver out of the car. After the driver exited the car, a confrontation ensued between the driver and the officers, and the Named Defendant Officers tased, tackled, and handcuffed the driver.

16.     Once the driver was arrested, the Named Defendant Officers returned to the passenger side of the car, and ordered Mr. Jenkins to exit the car.

17.     Plaintiff Jenkins did as he was instructed and exited the car.

18.     Once Plaintiff Jenkins was out of the car, Defendant Galgano frisked him. Mr. Jenkins was not carrying any contraband, and none was found.

19.     Although he found no contraband on Mr. Jenkins, Defendant Galgano handcuffed Plaintiff and sat him down on the curb. After awhile, Mr. Jenkins was placed—still handcuffed—in the back of a police car, with the doors locked.

20.     Defendants left Plaintiff handcuffed in the back of a police car without telling him why he was handcuffed or detained.

21.     Eventually, Plaintiff was ordered out of the car, when his handcuffs were removed. He was standing in the middle of the street.

22.     At that point, Defendant Galgano put on plastic gloves and ordered Plaintiff to put his hands in the air. Plaintiff complied.

23.     Defendant Officers John Does #1-5 had arrived at the scene and were standing in a semi-circle around Defendant Galgano and Plaintiff.

24.     Without seeking consent or giving a warning, Defendant Galgano suddenly pulled down Plaintiff's jeans and underwear, in full view of the other officers nearby, including Defendants John Does #1-5.

25.     Defendant Galgano then performed an invasive strip search of Plaintiff. He grabbed Plaintiff's testicles and moved them side to side. He spread open the cheeks of Plaintiff's buttocks. He told Plaintiff to spread his legs and cough. As he was searching, Defendant Galgano repeatedly asked, "Where is it at?"

26.     At no point did Plaintiff Jenkins resist Defendant Officers' actions.

27.     At no point did Plaintiff Jenkins consent to a search by Defendant Officers.

4

28.     At no point did any of the other officers, including Defendants John Does #1-5, intervene to stop the unjustified and invasive strip search and visual cavity search of Plaintiff.

29.     No contraband was found during the visual cavity search of Plaintiff.

30.     Plaintiff was permitted to pull up his underwear and pants. He was then placed back in the back of a police car once again—again, with no explanation.

31.     Finally, a police officer opened the car door and Plaintiff was released from custody. No one explained why he had been detained or searched.

32.     Plaintiff was not, and has not subsequently been, charged with any crime or violation as a result of the incident.

33.     As a result of Defendants' conduct, Plaintiff Jenkins was wrongfully and baselessly handcuffed and detained for over 30 minutes. He also suffered emotional and psychological trauma stemming from the baseless arrest and humiliating assault to which he was subjected by Defendants.

34.     A notice of claim was timely served on the Nassau County Attorney.

35.     An examination pursuant to New York General Municipal Law § 50-h was conducted by the County of Nassau on October 29, 2018. At least thirty days have elapsed since the service of the Notice of Claim and adjustment or payment of the claim has been neglected or refused.

36.     This action has been commenced within one year and ninety days after the happening of the events on which the claims are based.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – False Arrest
### (Against Defendants Concannon and Galgano)

37.     Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

38.     The Officer Defendants wrongfully and illegally arrested and detained Plaintiff, and/or failed to intervene to prevent Plaintiff's wrongful arrest and detention.

39.     The wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause, reasonable suspicion, or a valid warrant.

40.     At all relevant times, the Officer Defendants acted forcibly in apprehending and arresting Plaintiff.

41.     Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest and deprived of his liberty.

42.     At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable or reasonable cause.

43.     All this occurred without any fault or provocation on the part of Plaintiff.

44.     The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their employment as NCPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and all Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

6

45.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages heretofore alleged.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – Excessive Force**
**(Against Officer Defendants)**

46.     Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

47.     The Officer Defendants excessive force when they unlawfully and without basis or consent forcibly strip-searched Plaintiff and performed a visual cavity search in the middle of the street and/or failed to prevent others from doing so despite being aware of the use of objectively unreasonable force and having a reasonable opportunity to intervene to prevent it.

48.     The Officer Defendants had no reasonable suspicion to believe that Plaintiff was concealing weapons or contraband, nor did they have reason to believe Plaintiff posed a serious risk to the safety of the officers at the scene.

49.     By using excessive force and assaulting Plaintiff, the Officer Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

50.     The Officer Defendants acted under pretense and color of state law and in their individual capacities and within the scope of their employment as an NCPD officer. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

51.     As a direct and proximate result of the misconduct and abuse of authority

detailed above, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
### Battery
### (Against All Defendants)

52.    Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

53.    The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff, by forcibly handcuffing Plaintiff, forcibly detaining him inside a locked police car, and forcibly searching his body, including his testicles and buttocks, with the intention of causing harmful and/or offensive bodily contact to the Plaintiffs and caused such battery, and/or failed to intervene to prevent the other Officer Defendants from doing so.

54.    The Officer Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's battery. Defendant County, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

55.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages heretofore alleged.

### FOURTH CAUSE OF ACTION
### Assault
### (Against All Defendants)

56.    Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

57.    The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff, and/or failed to intervene to prevent the assault of Plaintiff, in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing act(s) which

8

threatened such contact to the Plaintiff, and that such act(s) caused apprehension of such contact in the Plaintiff.

58.     The Officer Defendants, their officers, agents, servants, and employees were responsible for the assaults on Plaintiff. Defendant County, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

59.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages heretofore alleged.

### FIFTH CAUSE OF ACTION
### False Arrest
### (Against All Defendants)

60.     Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

61.     The acts and conduct of the Officer Defendants constitute false arrest and false imprisonment under the laws of the State of New York. The Officer Defendants intended to confine Plaintiff and/or failed to intervene to prevent the confinement of the Plaintiff; the Officer Defendants, in fact, confined Plaintiff; and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

62.     The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by Nassau County and the Nassau County Police Department, which are therefore responsible for their conduct. Defendant County, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

63.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
**Negligent Hiring, Training, Discipline, and Retention of**
**Employment Services**
**(Against Defendant County)**

64.     Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

65.     The County, through the NCPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

66.     Upon information and belief, the Officer Defendants were unfit and incompetent for their positions as police officers.

67.     Upon information and belief, the County knew or should have known through the exercise of reasonable diligence that the Officer Defendants were dangerous.

68.     Upon information and belief, the County's negligence in hiring, training, disciplining, and retaining the Officer Defendants proximately caused Plaintiff's lasting physical, mental, and emotional injuries.

69. Upon information and belief, because of the County's negligent hiring, training, discipline, and retention of the aforementioned Officer Defendants, Plaintiff incurred significant and lasting physical, mental, and emotional injuries.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1.      Awarding compensatory damages in an amount to be determined at trial;

2.      Awarding punitive damages against the Individual Defendants in an amount to be determined at trial;

3.      Awarding Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

4.      Directing other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.


Dated: January 29, 2019
       New York, New York

                                        EMERY CELLI BRINCKERHOFF
                                        & ABADY LLP

                                        _____
                                        Earl S. Ward
                                        Alison Frick

                                        600 Fifth Avenue, 10th Floor
                                        New York, New York 10020
                                        (212) 763-5000

                                        *Attorneys for Plaintiff*