UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JAMES JENKINS,

                                    Plaintiff,          **REPORT AND**
                                                          **RECOMMENDATION**
    -against-                                      19-cv-557 (GRB)(SIL)

COUNTY OF NASSAU; Police Officer DANIEL
P. CONCANNON, Shield #3808; Police Officer
ROBERT D. GALGANO, Shield #2774; and
Police Officers JOHN DOE 1-5, Shield Numbers
Unknown,

                                    Defendants.
----------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

By way of Complaint filed January 29, 2019, Plaintiff James Jenkins ("Plaintiff" or "Jenkins") commenced this action against the County of Nassau ("Nassau" or the "County"), Police Officer Daniel P. Concannon ("Concannon"), Police Officer Robert D. Galgano ("Galgano," and together with Concannon, the "Named Officers") and Police Officers John Doe 1-5 ("John Doe Officers" and together with the Named Officers, "Officer Defendants") (collectively with Nassau, "Defendants"), alleging violations of 42 U.S.C. § 1983 ("Section 1983") as to the Named Officers for false arrest, as to the Officer Defendants for excessive force, as to the County for negligent hiring, training, discipline and retention of employment services, and as to all Defendants for state law claims of battery, assault and false arrest. *See* Complaint ("Compl."), Docket Entry ("DE") [1]. Presently before the Court, on referral for Report and Recommendation pursuant to Rule II(e)(1) of the Honorable Gary R. Brown's

Individual Practice Rules, is Plaintiff's motion to amend the Complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a) and (b). *See* DE [29]. For the reasons set forth below, the Court respectfully recommends granting Plaintiff's motion.

## I. BACKGROUND

Unless otherwise indicated, the facts set forth herein are taken from Jenkins's Complaint and Proposed Amended Complaint ("PAC"), DE [29-2], and are accepted as true for purposes of the instant Report and Recommendation.

Plaintiff is an individual who resided in Queens County, New York, at the time of the events alleged in the Complaint. *See* Compl. ¶ 3. Defendant Nassau is a municipal corporation organized under the laws of the State of New York that, at all times relevant and acting through the Nassau County Police Department ("NCPD"), was responsible for the policy, practice, supervision, implementation and conduct of all NCPD matters, as well as for enforcing the rules of the NCPD and ensuring that NCPD personnel obey federal and state laws, and for the appointment, training, supervision and conduct of all NCPD personnel, including the Named Officers. *See id.* ¶ 4. Each Officer Defendant was, at the time of the events alleged in the Complaint, an officer of the NCPD. *See id.* ¶¶ 5-8.

In the early morning of January 30, 2018, the Named Officers pulled over the car in which Plaintiff was a passenger in Elmont, New York. *See id.* ¶ 14. The Named Officers ordered the driver out of the car, and a confrontation among the three followed, culminating in the Named Officers tasering, tackling and handcuffing the

2

driver. The Named Officers then ordered Jenkins to exit the car, upon which Galgano frisked him but did not find any contraband. *See id.* ¶¶ 16-18. Nonetheless, Galgano handcuffed Plaintiff and placed him first on a curb, then in the back of a police car, without explaining his detention. *See id.* ¶¶ 19-20. After ordering Jenkins out of the police car and removing his handcuffs, Galgano put on plastic gloves and directed Plaintiff to put his hands in the air while standing in the middle of a street. *See id.* ¶¶ 21-22. At this point, the John Doe Officers arrived, and took positions in a semi-circle around Galgano and Plaintiff as Galgano pulled down Jenkins's pants and underwear without obtaining his consent or providing a warning. *See id.* ¶¶ 23-24. Though Plaintiff did not consent, he did not resist Galgano's invasive strip search, which none of the Officer Defendants attempted to stop and which ultimately yielded no contraband. *See id.* ¶¶ 25-29. After allowing Jenkins to put on his clothes, the Officer Defendants, without explanation, placed him in the back of a police car for a second time until an unidentified officer released him from custody. *See id.* ¶¶ 30-31. Plaintiff was not then, nor subsequently, charged with any crime or violation, despite the Officer Defendants detaining him for over 30 minutes. *See id.* ¶¶ 32-33. Jenkins alleges he "suffered emotional and psychological trauma stemming from the baseless arrest and humiliating assault to which he was subjected . . . ." *Id.* ¶ 33.

After filing a notice of claim, Plaintiff commenced this action on January 29, 2019, and Defendants Nassau and the Named Officers filed their Answer to the Complaint on February 22, 2019. *See* DE [1], [8]. On June 11, 2020, after the completion of discovery, this Court held a Final Pretrial Conference and found this

3

case to be "trial ready." *See* DE [25]; June 11, 2020 Order Certifying Discovery is Complete. The parties filed a joint Proposed Pretrial Order on June 15, 2020, *see* DE [24], and Judge Brown set a bench trial for April 12, 2021. *See* July 7, 2020 Order. On August 12, 2020, Plaintiff filed the instant motion to amend, *see* DE [29], attaching the PAC as Exhibit ("Ex.") A, *see* DE [29-2], seeking to assert a cause of action under Section 1983 for "Unlawful Search," pursuant to the Fourth Amendment to the United States Constitution, against the Officer Defendants in lieu of his cause of action in his original Complaint for negligent hiring, training, discipline and retention of employment services against Nassau. *See* Plaintiff's Memorandum of Law in Support of Motion to Amend Complaint to Conform to the Evidence ("Pl. Memo"), DE [29-9], 1.

## II. LEGAL STANDARDS

Rule 15(a) of the Federal Rules of Civil Procedure requires that courts freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a).[1] Rule 15(a)(2) states in pertinent part: "Amendments Before Trial . . . a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* Absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice or futility, "the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962) (quoting Fed. R. Civ. P. 15(a) (2)) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

---

[1] Plaintiff moves to amend the Complaint pursuant to Rule 15(b) in addition to Rule 15(a). However, Rule 15(b) is applicable only to amendments sought during and after trial. *See* Fed. R. Civ. P. 15(b) (entitled "Amendments During and After Trial"). As such, the Court analyzes Jenkins's request for leave to amend the Complaint under Rule 15(a) only.

4

ought to be afforded an opportunity to test his claim on the merits."); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir. 2005) ("a Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.") (internal quotations and citation omitted); *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). The party opposing the amendment bears the burden of demonstrating good reason to deny the motion. *Speedfit, LLC v. Woodway USA, Inc.*, No. 13-CV-1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015); *see also Domni v. Cty. of Nassau,* No. CV 19-83 (JMA) (AKT), 2020 WL 7625417, at *3 (E.D.N.Y. Dec. 21, 2020). Amendments are generally favored because "they tend to facilitate a proper decision on the merits." *Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134, 137 (E.D.N.Y. 1998) (internal quotations and citations omitted). Nevertheless, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,* 22 F.3d 458, 462 (2d Cir. 1994) (citing *Foman,* 371 U.S. at 182, 83 S.Ct. at 230).

The burden on a party seeking to amend the pleadings is heavier where the court, as here, has entered a case management order. *See* DE [11]. At that point, Rule 15's more lenient standard is balanced against Rule 16's requirement that the order "shall not be modified except upon a showing of good cause." *Gullo v. City of N.Y.*, 540 Fed. App'x 45, 46 (2d Cir. 2013). "A finding of good cause depends on the

diligence of the moving party" in attempting to comply with the order. *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). "In other words, the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *SEC v. Rio Tinto plc*, 17 Civ. 7994, 2020 WL 2504008, at *7 (S.D.N.Y. Mar. 9, 2020); *see In re "Agent Orange" Prod. Liab. Litig.*, 220 F.R.D. 22, 25 (E.D.N.Y. 2004), *aff'd*, 517 F.3d 76 (2d Cir. 2008) (when "parties have discovered new facts and a basis for new allegations during discovery, delay is routinely justified") (internal quotations omitted); *see also Hanlin v. Mitchelson*, 794 F.2d 834 (2d Cir. 1986) (granting plaintiff's motion to amend complaint after the completion of discovery and after defendant filed a motion for summary judgment); *Goodwin v. Advanced Tech. Labs, Inc.*, No. 83-2975, 1984 WL 49151, at *1 (E.D. Pa. Jan. 31, 1984), *aff'd*, 755 F.2d 919 (3d Cir. 1984) (allowing plaintiff to add claim "factually identical" to claim previously asserted, as both claims necessitated the same showing from plaintiff to succeed). Even if the movant acted diligently, the court may deny the motion based upon other factors including, in particular, prejudice to the opposing party. *See, e.g., Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007); *Roland v. McMonagle*, No. 12 CIV. 6331 JPO, 2014 WL 2861433, at *3 (S.D.N.Y. June 24, 2014).

### III. DISCUSSION

Jenkins seeks to add a cause of action against the Officer Defendants for unlawful search under the Fourth Amendment, and remove his cause of action for negligent hiring, training, discipline and retention of employment services against

Nassau. *See* Pl. Memo, 1; PAC ¶¶ 72-77. Plaintiff asserts that the parties "have known for many months, if not years" that this action concerns alleged unlawful searches, and that "[a]ll parties have engaged in extensive discovery about the searches . . . [and] have been extensively questioned about the searches at their depositions," such that the proposed amendments "change[] nothing about how this case has been litigated or will be tried" and will not cause any prejudice to Defendants, as "the pleadings already embrace a Fourth Amendment unlawful search claim." *See* Pl. Memo, 1. Defendants oppose Plaintiff's PAC as untimely without good cause, and assert that such amendments would prejudice Defendants and prove futile. *See* County Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend the Complaint ("Def. Opp."), DE [31-2].

Jenkins has established good cause for amending the Discovery Scheduling Order, which required that motions for leave to amend be filed by June 17, 2019. *See* DE [11]. As discussed below, Plaintiff has demonstrated that he was diligent in bringing his motion for leave to amend and did not act in bad faith. Moreover, the proposed amendments are neither prejudicial to Defendants nor futile. Accordingly, Jenkins's motion for leave to amend his complaint should be granted.

### A. <u>Undue Delay or Good Cause</u>

The longer a plaintiff delays in filing an amended complaint, the more likely that it will unduly prejudice the defendant. *See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 147 (E.D.N.Y. 2007). Where there is an "inordinate delay" in moving to amend, the moving party bears the burden of

7

explaining the lapse in time. *Sadhu Singh Hamdard Trust v. Ajit Newspaper Adver., Mktg. & Commc'ns, Inc.*, No. 04-cv-3503, 2009 WL 10701800, at *3 (E.D.N.Y. Jan. 8, 2009), *aff'd*, 394 F. App'x 735 (2d Cir. 2010) (internal quotations and citations omitted). Nevertheless, "mere delay," absent a showing of bad faith or undue prejudice does not provide a basis to deny leave to amend. *Dennis v. Town of Babylon Hous. Assistance Agency*, No. 07-cv-0473, 2008 WL 11420049, at *4 (E.D.N.Y. Dec. 22, 2008) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)) (alteration omitted).

As noted above, to show good cause, a movant must demonstrate that it has been diligent, and that "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 Civ. 3749 (KMW) (DF), 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009); s*ee also Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009). "A party fails to show good cause when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'" *Oscar v. BMW of N. Am.*, LLC, No. 09 Civ. 11 (PAE), 2011 WL 6399505, at *2 (S.D.N.Y. Dec. 20, 2011) (quoting *Sokol*, 2009 WL 2524611, at *8).

Here, Plaintiff sought leave to amend in August 2020, approximately 20 months after commencing the instant lawsuit and eight months after the completion of depositions, at which he learned the pertinent information underlying his request to amend, specifically that Defendants lacked sufficient basis to subject Jenkins to multiple searches. *See* Plaintiff's Reply Memorandum of Law in Support of Motion

8

to Amend Complaint to Conform to the Evidence ("Pl. Reply"), DE [32], 4. Acknowledging that the longer the delay, the less is required of Defendants in terms of a showing that such delay was prejudicial, *see Block*, 988 F.2d at 350, the Court nonetheless finds Defendants' arguments unpersuasive.

Plaintiff was diligent in bringing this motion because he could not reasonably have filed it before the June 17, 2019 deadline for filing motions for leave to amend. *See Lee v. Kylin Mgmt. LLC*, No. 17-CV-7249 (JMF), 2019 WL 917097, at *1 (S.D.N.Y. Feb. 25, 2019). He did not know, nor should he have known, the information giving rise to the amendment in advance of the deadline. *Cf. Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 306 F. Supp. 3d 610, 626 (S.D.N.Y. 2018) ("A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline."). Jenkins learned of the information on which the proposed amendment is based well after the amendment deadline, and while he waited approximately eight months to file the instant motion, he provides justifications for such delay that allow the Court to conclude he did not act in bad faith. Specifically, Plaintiff points to the COVID-19 pandemic and its impact on the litigation, explaining that he informed Defendants of his intention to raise a claim for an unlawful search under the Fourth Amendment in a February 2020 letter to Defendants in anticipation of settlement discussions. *See* Pl. Memo, Ex. G, DE [29-8]. Though ultimately not fruitful, the parties did, in fact, meet before this Court for a settlement conference on April 21, 2020, *see* DE [21], after which the parties' attention turned to drafting a proposed pretrial order, *see* DE [24], in

9

anticipation of the June 22, 2020 pretrial conference before Judge Brown. *See* DE [27]. Jenkins contends he raised this amendment, which he believes only "clarif[ies]" the pleadings," as the claim for an unlawful search "was already subsumed within his existing Fourth Amendment claim." *See* Pl. Reply, 5. Plaintiff again raised the proposed amendment with the Court at the June 22, 2020 pretrial conference, then sent the PAC to Defendants ten days later and waited three weeks for Defendants' reply that they would not consent to the amendment. *See id.* Jenkins filed this motion two weeks later. *See id.* As this timeline demonstrates, Plaintiff was diligent in bringing his motion for leave to amend.

### B. Prejudice

In determining whether leave to amend should be granted, among the "most important" issue to consider is prejudice to the opposing party. *AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (internal quotations omitted); *see also Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) ("Although prejudice to the opposing party . . . has been described as the most important reason for denying a motion to amend, only *undue* prejudice warrants denial of leave to amend.") (internal quotations and citations omitted) (emphasis in original). In analyzing "prejudice," courts consider whether the amendment would: (1) require the opponent to "expend significant additional resources to conduct discovery and prepare for trial," (2) significantly prolong the resolution of the action, or (3) "prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. N.Y. City Dept. of Corr.*, 214 F.3d 275, 284 (2d Cir.

10

2000). "Central to this analysis is the extent to which the new claims arise from the existing ones and whether a party had prior notice of the new claim." *Cmty. Ass'n Underwriters of Am., Inc. v. Main Line Fire Prot. Corp.*, No. 18-cv-4273 (PMH)(JCM), 2020 WL 5089444, at *3 (S.D.N.Y. Aug. 28, 2020). The main concern is undue or substantial prejudice – when the nonmoving party shows that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered. *See MHANY Mgmt. Inc. v. Cty. of Nassau*, 843 F. Supp. 2d 287, 341–42 (E.D.N.Y. 2012), *aff'd in part, vacated in part, remanded on other grounds*, 819 F.3d 581 (2d Cir. 2016).

Cognizant of the aforementioned considerations, the Court concludes that there is no undue prejudice that would result from the amendment. The new cause of action that Jenkins now seeks to assert exclusively involves facts attendant to, and built into, his other claims. Such facts – namely, the Defendant Officers' detention and multiple alleged searches of Plaintiff, have been fully litigated through discovery. All document productions and depositions focused on the events that occurred on the morning of January 30, 2018, including the alleged searches. Further, Jenkins does not seek to make any factual allegations regarding the proposed cause of action for unlawful search that differ in any way from the allegations contained in his original Complaint.

In opposition, Defendants fail to explain why their defense of the rest of Jenkins's claims thus far, including relevant discovery, would be inadequate for their defense of Plaintiff's proposed unlawful search cause of action. Their attempt to

11

argue that Jenkins's pleadings conveyed his intention to claim only the alleged strip search as unlawful is belied by the Complaint, as well as by deposition testimony regarding all of the searches alleged to have occurred. *See, e.g.*, August 12, 2020 Declaration of Alison Frick, DE [29-1], Ex. B (Deposition Transcript of Defendant Robert Galgano), DE [29-3], at 72-74, 76-87; Ex. D (50-h Hearing Transcript of Plaintiff James Jenkins), DE [29-5], at 28, 35, 36, 45, 55-56; Ex. E (Deposition Transcript of Plaintiff James Jenkins), DE [29-6], at 55-57; Ex. F (Deposition Transcript of Daniel Concannon), DE [29-7], at 89, 115, 123. Accordingly, the Court does not find that the proposed amendment would require Defendants to expend significant additional resources to prepare for trial, nor that additional discovery is needed. The Court agrees with Jenkins that this amendment is "fully consistent with the way this case has been litigated throughout discovery and with the parties' expectations for trial," and will "cause no prejudice to Defendants whatsoever." Pl. Memo, 5. Accordingly, the Court concludes that the PAC will not prejudice Defendants.

### C. Futility

"In addressing the proposed futility of an amendment, the proper inquiry is comparable to that required upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Rotblut v. 333 E. 66th St. Corp.*, 1996 WL 586353, *1 (S.D.N.Y. Oct. 11, 1996); *see also Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend should be given freely when justice so requires, where, as here, there is no merit in the proposed

12

amendments, leave to amend should be denied."); *Gokhberg v. PNC Bank, Nat'l Ass'n*, No. 18CV06403DLIVMS, 2020 WL 7262845, at *3 (E.D.N.Y. Dec. 10, 2020) ("A court must analyze a futility argument under Rule 15(a) in the same way it would address a Rule 12(b)(6) motion to dismiss."); *Bank of New York v. Sasson*, 786 F.Supp. 349, 352 (S.D.N.Y. 1992) ("If the claims would be subject to dismissal under Fed. R. Civ. P. 12(b)(6), the court should refuse to grant leave to amend rather than assent and then await a motion to dismiss."). That is, the court must accept the facts alleged by the party seeking to amend as true and construe them in the light most favorable to that party.

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (internal quotations, citations and alterations omitted). Unless a plaintiff's well-pleaded allegations of fact have "nudged [its] claims across the line from conceivable

13

to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at 570, 127 S.Ct. 1974; *Iqbal*, 556 U.S. at 680, 129 S.Ct. at 1950–51. "A court is not required to make a final determination on the merits of a proposed claim or defense, but instead, must only satisfy itself that the claim or defense is colorable and not frivolous." *Domni*, 2020 WL 7625417, at *4 (internal quotations and citations omitted).

A Section 1983 plaintiff must show that a defendant has (a) acted under color of state law to (b) deprive the plaintiff of a right arising under the Constitution or federal law. *Dubin v. Cty. of Nassau*, 277 F.Supp.3d 366, 384 (E.D.N.Y. 2017) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)). The Fourth Amendment protects individuals' rights "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A search "occurs when the police intrude [upon] a person's reasonable expectation of privacy or if the police otherwise trespass upon one's person, house, papers, or effects for the purpose of acquiring information." *Borisova v. Friberg*, No. 18CV7440AMDSJB, 2020 WL 5752073, at *5 (E.D.N.Y. Sept. 25, 2020) (citing *Florida v. Jardines*, 569 U.S. 1, 5, 133 S.Ct. 1409, 1414 (2013) and *United States v. Jones*, 565 U.S. 400, 406 n.3, 132 S.Ct. 945, 950 n.3 (2012)).

Plaintiff has sufficiently identified the specific defendants – the Officer Defendants – against whom this additional claim is asserted, as well as that they acted under color of state law and within the scope of their employment with Nassau when they detained and searched him. *See* PAC ¶¶ 72-77. Construing the PAC in Plaintiff's favor, as the Court must on a motion to dismiss, Jenkins has sufficiently

14

alleged that Defendants conducted an unlawful search of his person when they detained him for an extended period without explanation and searched him multiple times, each time with increased intensity, despite repeatedly failing to find any contraband on him.

Defendants counter that they did, in fact, have probable cause to detain and search Jenkins initially, as they suspected him of wrongdoing based on an interaction between Plaintiff and the driver of the vehicle in the Defendant Officers' sight. *See* Def. Opp., 14-15. That Defendants conclusively assert each subsequent search of Jenkins was legal does not dissuade this Court from finding that Plaintiff adequately pled his unlawful search cause of action. Defendants' assertion that "Plaintiff was briefly detained for investigative purposes based on probable cause and was released at the scene" is in stark contrast to the allegations in Jenkins's Complaint, creating a question of fact best suited for resolution at trial rather than on motion practice. Accordingly, applying the liberal standards under Fed. R. Civ. P. 15(a), Plaintiff's motion to amend the Complaint should be granted.

## IV.   CONCLUSION

For the reasons set forth above, the Court respectfully recommends granting Plaintiff's motion for leave to amend the Complaint.

## V.   OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. Failure

15

to file objections within the specified time waives the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      February 10, 2021

                                             s/ Steven I. Locke
                                            STEVEN I. LOCKE
                                            United States Magistrate Judge