UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────

JAMES JENKINS,

             Plaintiff,

  -against-

COUNTY OF NASSAU; Police Officer
DANIEL P. CONCANNON, Shield #3808;
Police Officer ROBERT D. GALGANO,
Shield #2774; and Police Officers JOHN DOE
#1-5, shield numbers unknown,

             Defendants.

No. 19 Civ. 00557 (GRB)(SIL)

**PLAINTIFF'S MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

Kaufman Lieb Lebowitz & Frick LLP
10 E. 40th Street, Suite 3307
New York, New York 10016
(212) 660-2332

# TABLE OF CONTENTS

| | |
|---|---:|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| PROCEDURAL HISTORY | 1 |
| ARGUMENT | 3 |
|     I.    The Court Should Award KLLF and ECBAWM Their Full Requested Attorneys' Fees | 3 |
|         A.    The Attorneys' Requested Hourly Rates Are Reasonable | 4 |
|         B.    The Attorneys Expended Reasonable Time in Successfully Litigating Plaintiff's Claims | 8 |
|     II.    The Court Should Award KLLF and ECBAWM Their Full Costs and Expenses | 12 |
| CONCLUSION | 12 |

# TABLE OF AUTHORITIES

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*,
   522 F.3d 182 (2d Cir. 2008) ............................................................. 4, 6

*Brady v. Wal-Mart Stores, Inc.*,
   455 F. Supp. 2d 157 (E.D.N.Y.2006) ...................................................... 5

*Christian v. Metro. Specialty Lab's, Inc.*,
   No. 17 Civ. 04721, 2019 WL 3729458 (E.D.N.Y. Aug. 8, 2019) .................... 4

*Ferrara v. CMR Contracting LLC*,
   848 F.Supp.2d 304 (E.D.N.Y.2012) ........................................................ 8

*Gagne v. Maher*,
   594 F.2d 336 (2d Cir.1979) ................................................................ 11

*Grant v. Martinez*,
   973 F.2d 96 (2d Cir. 1992) ................................................................... 9

*Gutman v. Klein*,
   No. 03 Civ. 1570, 2009 WL 3296072 (E.D.N.Y. Oct. 13, 2009) ..................... 4

*Johnson v. Georgia Highway Express, Inc.*,
   488 F.2d 714 (5th Cir. 1974) ................................................................. 6

*LeBlanc-Sternberg v. Fletcher*,
   143 F.3d 748 (2d Cir. 1998) ................................................................ 12

*McLaughlin v. IDT Energy*,
   No. 14 Civ. 4107, 2018 WL 3642627 (E.D.N.Y. July 30, 2018) ................. 4, 7

*Millea v. Metro-N.R.R. Co.*,
   658 F.3d 154 (2d Cir. 2011) ................................................................. 3

*Morgenstern v. County of Nassau*,
   No. 04 Civ. 058, 2009 WL 5103158 (E.D.N.Y. Dec. 15, 2009) ..................... 5

*Perdue v. Kenny A. ex rel. Winn*,
   559 U.S. 542 (2010) ............................................................................ 4

*Rodriguez v. Pressler & Pressler, LLP*,
   No. 06 Civ. 5103, 2009 WL 689056 (E.D.N.Y. Mar. 16, 2009) ................. 5, 7

*Sass v. MTA Bus Co.*,
   6 F. Supp. 3d 238 (E.D.N.Y. 2014) ........................................................ 4

*Schwartz v. United States Drug Enf't Admin.*,
   No. 13 Civ. 5004, 2019 WL 1299192 (E.D.N.Y. Mar. 1, 2019) ............... 7

Plaintiff James Jenkins prevailed on his federal and state claims against Defendants, after a one-day trial conducted by the Court on April 26, 2021. As a prevailing party, Plaintiff, by and through his attorneys Kaufman Lieb Lebowitz & Frick LLP ("KLLF") and Emery Celli Brinckerhoff Abady Ward & Mazzel LLP ("ECBAWM"), now moves this Court for reasonable attorneys' fees and costs. Specifically, Plaintiff asks the Court to award KLLF $66,220 in attorneys' fees and $1,551.14 in costs and ECBAWM $83,160 in attorneys' fees and $8,842.26 in costs.

## PROCEDURAL HISTORY[1]

James Jenkins was illegally arrested and searched on January 30, 2018. He retained ECBAWM on May 29, 2018. ECBAWM filed Mr. Jenkins' Complaint, raising state and federal claims, on January 29, 2019.

Through 2019, the parties exchanged discovery and conducted depositions. Plaintiff was required to file a motion to compel certain discovery (Dkt. #13), but otherwise, discovery proceeded smoothly. Plaintiff's counsel deposed four Nassau County Police Department employees: both officer Defendants and two witnesses. Plaintiff's counsel also defended Mr. Jenkins' deposition and his 50-h examination.

In 2019, Alison Frick was an associate at ECBAWM. ECBAWM partner Earl S. Ward and Ms. Frick acted as Mr. Jenkins' primary counsel during the course of discovery. When Ms. Frick had to begin her maternity leave unexpectedly early, ECBAWM associate Andrew Jondahl joined the team; he and Mr. Ward finished depositions in the case. Discovery closed on December 20, 2019.

---

[1] The Declaration of Alison Frick, submitted with this motion, goes into further detail regarding the attorneys' work on this matter.

In March 2020, Ms. Frick left ECBAWM to co-found a new law firm, KLLF. To maintain continuity of counsel who represented him through discovery, Mr. Jenkins retained ECBAWM and KLLF jointly to continue representing him. The expectation of Mr. Jenkins and his attorneys was that the same lawyers would continue working on the case. Together, they prepared for and participated in a court-scheduled settlement conference on April 21, 2020. No settlement was reached, so Plaintiff began preparing for trial. The Court held a pretrial conference on June 22, 2020. Because of the COVID-19 pandemic, trial was not scheduled until April 12, 2021.

KLLF took the lead on trial preparation, which included moving to amend the Complaint, and preparing the joint pretrial order. Plaintiff's motion was granted on February 10, 2021. KLLF's trial preparation began in earnest soon after. KLLF prepared a pretrial brief with motions in limine, assembled exhibits, and outlined trial examinations. The Court indicated in a pretrial conference that it would grant or was inclined to grant KLLF's motions in limine.

The trial was conducted on April 23, 2021. As a cost-saving measure, and to give other attorneys more trial experience, the attorneys decided that Ms. Frick and her partner, Douglas E. Lieb, would try the case. Mr. Lieb had substantial trial experience but bills at a far lower rate than Mr. Ward.

The Court issued its findings of fact and conclusions of law on May 19, 2021. It found that Plaintiff had proved that he had been illegally searched and detained in violation of his constitutional rights and was entitled to compensatory and punitive damages. The Court rejected the testimony of the officers, finding that they gave "false testimony in their depositions and at trial" and had written statements containing "demonstrably false assertions." Dkt. #48 at 9, 14. The Court awarded Plaintiff $10,000

in compensatory damages and another $30,000 in punitive damages. *Id.* at 19. The Court further held that, "[u]pon proper application, an award of attorneys' fees and costs will follow." *Id.*

## ARGUMENT

KLLF and ECBAWM move jointly for an award of their fees and costs. As explained in the Declaration of Earl S. Ward, submitted with this motion, ECBAWM seeks $83,160 in attorneys' fees and $8,842.26 in costs. As detailed in the Declaration of Alison Frick, submitted with this motion, KLLF seeks $66,220 in attorneys' fees and $1,551.14 in costs. The attorneys' requested hourly rates—which have been reduced from the rates the attorneys' regularly charge paying clients, to account for the prevailing rates in the Eastern District—are reasonable and commensurate with the attorneys' experience and skills. The number of hours billed to this matter are also reasonable, as the attorneys diligently avoided duplication and overstaffing by ensuring that only two attorneys were primarily responsible for the litigation at a time. Finally, both firms should be fully reimbursed for the reasonable costs they expended in litigating this case.

**I. THE COURT SHOULD AWARD KLLF AND ECBAWM THEIR FULL REQUESTED ATTORNEYS' FEES**

"Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee," *Millea v. Metro–N.R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (cleaned up) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). The Court should award the attorneys' full requested lodestar total of $83,160 for ECBWM and $66,220 for KLLF. Both KLLF and ECBAWM have already substantially discounted their hourly rates, and they expended reasonable hours

litigating this case from inception through successful outcome at trial. The lodestar figure "includes most, if not all, of the relevant factors constituting a reasonable attorney's fee," *id.* (quoting *Perdue*, 559 U.S. at 553). Given the reasonable rates and hours expended on this matter, this case is not one of the "rare circumstances" in which the lodestar should be adjusted. The Court should award EBCAWM and KLLF their lodestar amounts.

### A. The Attorneys' Requested Hourly Rates Are Reasonable

"The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Courts in the Eastern District of New York often cite prevailing hourly rates of $300-$450 per hour for experienced attorneys, citing, among other cases, *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014). "But as this Court has already once noted, several years have passed since *Sass* was decided, and attorney's fees, like other goods and services, increase in cost with inflation." *Christian v. Metro. Specialty Lab's, Inc.*, No. 17 Civ. 04721, 2019 WL 3729458, at *10 (E.D.N.Y. Aug. 8, 2019), *reconsideration denied*, 2020 WL 4676380 (Aug. 12, 2020).

Thus, courts in this District have found hourly ranges of $400-$550 for partners and $250-$400 for associates reasonable for the Eastern District. *E.g., McLaughlin v. IDT Energy*, No. 14 Civ. 4107, 2018 WL 3642627, at *17 (E.D.N.Y. July 30, 2018) (awarding **$550** for most senior partners, **$450-500** for other partners, **$250-$400** for associates, and $75 for paralegals and assistants); *Gutman v. Klein*, No. 03 Civ. 1570, 2009 WL 3296072, at *2 (E.D.N.Y. Oct. 13, 2009), *aff'd*, 515 F. App'x 8 (2d Cir. 2013) (finding "reasonable" ranges of $300-$400 for partners (**$370-$494 in 2021 dollars**), $200-$300 for senior associates (**$247-$370 today**), and $100-$200 for

4

junior associates (**$124-$247 today**)); *see also Rodriguez v. Pressler & Pressler, LLP*, No. 06 Civ. 5103, 2009 WL 689056, *1 (E.D.N.Y. Mar. 16, 2009) (awarding $450 per hour **($565 today**) to experienced civil rights attorney); *Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 208 (E.D.N.Y.2006) (awarding $350 per hour (**$467 today**) to partners in ADA employment discrimination case), *aff'd*, 531 F.3d 127 (2d Cir. 2008); *Morgenstern v. County of Nassau*, No. 04 Civ. 058, 2009 WL 5103158, *9-11 (E.D.N.Y. Dec. 15, 2009) (awarding $400 per hour (**$495 today**) in a § 1983 case, relying on Judge Cogan's analysis in *Gutman*).[2]

Though ECBAWM and KLLF both regularly have paying clients who pay higher rates, here, both firms have adjusted their regular billing rates downward to account for the prevailing rates in the Eastern District. The rates the attorneys typically charge their paying clients and the adjusted rates sought in this motion are outlined below:

| **Attorney** | **Title** | **Typical Hourly Rate** | **Rate Sought Here** |
| --- | --- | --- | --- |
| Earl S. Ward | Partner, ECBAWM | $775 | **$550** |
| Alison Frick | Partner, KLLF | $425 | **$400** |
| Douglas E. Lieb | Partner, KLLF | $425 | **$400** |
| Andrew Jondahl | Associate, ECBAWM | $425 | **$350** |

---

[2] Current value calculated through the Bureau of Labor Statistics' CPI Inflation Calculator, available at https://www.bls.gov/data/inflation_calculator.htm

Given the prevailing rates in this district and the other factors courts use to evaluate attorneys' requested hourly rates, the Court here should award ECBAWM's and KLLF's requested rates, which are reasonable.[3]

**Earl S. Ward** (requesting $550 per hour). Mr. Ward is a renowned criminal defense and civil rights attorney with 36 years of experience, including positions held at the Legal Aid Society in New York County, the New York Civil Liberties Union, and Neighborhood Defender Services of Harlem. Mr. Ward became a partner at Emery Celli Brinckerhoff & Abady LLP in 2011 and became a named partner at ECBAWM in 2020. He has litigated dozens of civil rights cases involving police abuse and police misconduct and has secured millions of dollars in settlements and judgments for his clients, including the highest settlement payment ever paid by the City of New York for a wrongful conviction matter. From 2013 to 2020, Mr. Ward was a member of the New York Advisory Committee to the United States Commission on Civil Rights. As a named equity partner at ECBAWM, Mr. Ward is regularly engaged by hourly clients at his rate of $775 per hour. In recognition of prevailing rates in this district, Mr. Ward requests an hourly rate here of $550. This amount is within the reasonable rates recognized by courts in this district, especially when taking into account the age of earlier fee award

---

[3] In determining the reasonableness of the attorneys' rates, district courts often examine the twelve factors laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989). *See Arbor Hill*, 522 F.3d at 190 (instructing courts to use the *Johnson* factors). Those factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 187 n. 3.

decisions. For example, Mr. Ward's colleague and fellow ECBAWM named partner Matthew Brinckerhoff was awarded an hourly rate of $450 per hour 11 years ago, in 2009, *see Rodriguez,* 2009 WL 689056, *1—a rate that is equivalent to $565 today. Mr. Ward's requested rate of $550 is thus well within the range awarded to attorneys of his caliber and experience. *See, e.g.*, *id.* As the supervisor on the case, Mr. Ward ensured that primary, day-to-day work was undertaken by lower-compensated attorneys, primarily Ms. Frick.[4]

**Alison Frick** and **Douglas Lieb** (seeking $400 per hour). Ms. Frick and Mr. Lieb are partners at KLLF and were associates at ECBAWM before that. Ms. Frick was the primary attorney on this case throughout litigation, until she and Mr. Lieb tried the case together. Both attorneys graduated from Yale Law School, clerked on federal courts (Ms. Frick on the Eastern District of Pennsylvania, Mr. Lieb on the Ninth Circuit Court of Appeals and the Southern District of New York), and worked between five and seven years at ECBAWM before co-founding KLLF. As partners at KLLF, Ms. Frick and Mr. Lieb litigate a wide variety of commercial and civil rights cases. They regularly charge paying clients—including plaintiffs pursuing civil rights cases—their full hourly rate of $425. They seek a rate of $400 here, within the district norm for law firm partners. *See, e.g.*, *McLaughlin*, 2018 WL 3642627, at *17 (awarding, "based on rates typically awarded in this district," $450-550/hr for partners and $250-400/hr for associates); *Schwartz v. United States Drug Enf't Admin.*, No. 13 Civ. 5004, 2019 WL 1299192, at *9 (E.D.N.Y. Mar. 1, 2019) (awarding $500/hr average for partner and $400/hr average for

---

[4] The Declaration of Earl S. Ward, filed with this motion, provides further details on Mr. Ward's and Mr. Jondahl's background and their work on this case.

7

mid to senior associates) (collecting cases), *report and recommendation adopted*, 2019 WL 1299660 (E.D.N.Y. Mar. 21, 2019); *New York Ass'n for Retarded Child. v. Cuomo*, No. 72 Civ. 356, 2019 WL 3288898, at *3 (E.D.N.Y. July 22, 2019) (finding that recent fee awards in complex EDNY cases range from $400-$600 per hour for partners, $200-$400 per hour for associates and $75-$100 per hour for paralegals).[5]

As the co-founder of a small new firm with no administrative staff, Ms. Frick also billed time performing administrative tasks, such as preparing trial binders. As detailed in her Declaration, she has separated out those hours and requests an hourly rate of $100 for those tasks, within the range typically awarded for paralegals. *Ferrara v. CMR Contracting LLC*, 848 F.Supp.2d 304, 313 (E.D.N.Y.2012) ("In recent years, courts in this district have approved hourly fee rates in the range of . . . $70 to $100 for paralegal assistants.").

**Andrew Jondahl** (seeking $350 per hour). Mr. Jondahl is an associate at ECBAWM. He took over Ms. Frick's role when she went on maternity leave in Fall 2019. Mr. Jondahl graduated from New York University School of Law in 2015, where he was a Root-Tilden-Kern Scholar. He clerked on the Southern District of New York and also worked in the Civil Rights Division at the U.S. Department of Justice. His hourly rate is well within the range awarded for senior-level associates. *Supra*.

### B. The Attorneys Expended Reasonable Time in Successfully Litigating Plaintiff's Claims

In litigating this case from inception to successful outcome at trial, ECBAWM and KLLF together billed a total of 385 hours. That figure is eminently reasonable and

---

[5] The Frick Declaration provides further details about Ms. Frick's and Mr. Lieb's background and their work on this case.

represents diligent efforts to delegate work and avoid duplication. The firms' hours are laid out below.

| ECBAWM Attorney | Hours Billed |
|---|---|
| Earl S. Ward | 29.6 |
| Alison Frick | 107.5 |
| Andrew Jondahl | 73 |
| *Total* | 210.1 |

| KLLF Attorney | Hours Billed |
|---|---|
| Alison Frick | 128.8 |
| Douglas Lieb | 46.1 |
| *Total* | 174.9 |

In determining whether an attorney's expenditure of time is compensable, this Court must consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). This standard is handily met here.

Ms. Frick billed the bulk of the time in this matter: 107.5 hours while at ECBAWM, and another 128.8 hours at KLLF. In the interests of efficiency, Mr. Ward served as the supervisor and limited time he billed to the case to fewer than 30 hours, from the representation's inception in 2018 to its completion in 2021.

At ECBAWM, Mr. Frick investigated the claims, drafted and filed the notice of claim, drafted and file the federal complaint, and led discovery. She prepped and defended Mr. Jenkins' 50-h examination. While discovery proceeded relatively smoothly, Ms. Frick was forced to file a motion to compel the production of certain documents; the Court granted that request and directed Defendants to produce the documents. *See* Dkts. # 13-14 and Minute Order, 9/16/19. Ms. Frick prepared for and took the two officers Defendants' depositions. After she returned from maternity leave,

Ms. Frick drafted an extensive demand letter and a pre-mediation position statement in advance of the settlement conference originally scheduled for mid-March 2020. *See* Scheduling Order, 2/5/20 (setting settlement conference and requiring the parties to exchange a demand and an offer and submit settlement position letters prior to the conference). The 107.50 hours she billed to this matter at ECBAWM were not only reasonable but represented an efficient use of firm resources.

Ms. Frick left ECBAWM on March 27, 2020 but continued representing Mr. Jenkins at KLLF as co-counsel to ECBAWM. After the settlement conference, Ms. Frick took the lead on drafting the proposed joint pretrial order and coordinating with opposing counsel regarding the same, which was filed on June 8. She then drafted an amended complaint and sought Defendants' consent to amend. When Defendants declined to consent, Ms. Frick and her partner, Mr. Lieb, drafted and filed a motion to amend, which was granted February 10, 2021. *See* Dkts. 29, 32, and 34. Beginning in late February 2021, Ms. Frick and Mr. Lieb began preparing for trial, including drafting examination outlines, assembling exhibits, drafting the pretrial brief, drafting closing argument, and extensively preparing Mr. Jenkins. Mr. Lieb billed a total of 41.6 hours to the matter; all but seven of those hours were devoted to trial preparation, billed after March 21, 2021. After trial, Ms. Frick drafted the motion for reconsideration and began working on this fee petition.[6] Again, that Ms. Frick spent only 128.8 hours filing a

---

[6] Courts have held that attorneys should be compensated for time spent on a fee application. As the Second Circuit noted:

> If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased. . . . Such a result would not comport with the purpose behind most statutory fee authorizations, Viz, the encouragement

motion to amend, preparing for trial, trying the case, filing a motion for reconsideration, and working on a fee application shows her efficient use of resources.

At ECBAWM, Mr. Jondahl took over Ms. Frick's role when she left for maternity leave in fall 2019, toward the end of discovery. Mr. Jondahl prepared for and took the depositions of Officer Cardona and Lieutenant Griesman. He and Mr. Ward prepared Mr. Jenkins for his deposition, and Mr. Ward defended that deposition. After discovery was complete, Mr. Jondahl remained the primary ECBAWM attorney on the case. He reviewed all filings drafted by KLLF, including the settlement position statement, the motion to amend, and the pretrial brief. Still, the much his time was billed in the final months of 2019, as he completed the depositions in this case.

Each attorney billed their time contemporaneously in six-minute increments. *See* Frick Decl. Ex. A; Ward Decl. Ex. A. The attorneys avoided duplication of efforts. Other than during her maternity leave, Ms. Frick remained the lead litigator on the case. Rather than overstaffing the case, ECBAWM and KLLF's co-counsel arrangement allowed for the attorney with the most familiarity with the matter—Ms. Frick—to remain the lead litigator. No more than two attorneys worked substantively on this matter at any one time. Throughout the litigation, Plaintiff's counsel sought to avoid unnecessary (and time-consuming) battles with Defendants. When disputes could not be avoided, requiring the motion to compel and the motion to amend, Plaintiff prevailed. Plaintiff was able to present his case at trial in a single day—and prevailed on all of the claims

---

      of attorneys to represent indigent clients and to act as private attorneys general in
      vindicating congressional policies.

*Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir.1979), *aff'd on other grounds*, 448 U.S. 122 (1980).

that the Court adjudicated. Plaintiff's attorneys litigated this case smartly and efficiently from the start. The 210.1 hours ECBAWM billed and the 174.9 hours KLLF billed were reasonable and the firms should be compensated in full for those hours.

## II. THE COURT SHOULD AWARD KLLF AND ECBA THEIR FULL COSTS AND EXPENSES

Pursuant to the Court's Bench Trial Decision and Order, Plaintiff's attorneys are entitled to recover their costs. Dkt. #48 at 19. *See also LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) ("Attorneys' fee awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.").

ECBAWM incurred a total of $8,842.26 in costs, made up of filing fees, copying costs, Westlaw research costs, and court reporter fees associated with the depositions. Ward Decl. Ex. A. KLLF incurred $1,551.14 in costs, made up of Westlaw research fees, the purchase of trial supplies, and the cost of ordering the trial transcript. Frick Decl. Ex. B. These costs are reasonable and should be reimbursed.

## CONCLUSION

ECBAWM and KLLF together litigated this case to a successful outcome. They proved that Defendants had violated Plaintiff's constitutional rights and had lied about it in the process. They litigated the case leanly and efficiently. Both firms have reduced their typical billing rates in this application and have further reduced their bills for time spent on travel and administrative tasks. The Court should award KLLF $66,220 in attorneys' fees and $1,551.14 in costs and ECBAWM $83,160 in attorneys' fees and $8,842.26 in costs.

Dated: June 16, 2021
New York, New York

KAUFMAN LIEB LEBOWITZ
& FRICK LLP


 /s/ Alison Frick
Alison Frick
Douglas E. Lieb

10 E. 40th Street, Suite 3307
New York, New York 10016
(212) 660-2332


EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Earl S. Ward
Andrew Jondahl
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiff*