FILED
CLERK
4:53 pm, Nov 10, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

JAMES JENKINS,

                       Plaintiff,

     -against-

COUNTY OF NASSAU; Police Officer,
DANIEL P. CONCANNON, Shield #3808;
Police Officer ROBERT D. GALGANO,
Shield #2774; and Police Officers JOHN DOE
#1-5, Shield Numbers Unknown

                      Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**
CV 19-557 (GRB)(SIL)

**GARY R. BROWN, United States District Judge:**

Before the Court is plaintiff James Jenkins's motion for attorneys' fees and costs. Docket Entries ("DE") 54. For the following reasons, the motion is GRANTED to the extent set forth herein.

**BACKGROUND**

The facts and procedural history are contained in this Court's Memorandum and Order, familiarity with which is assumed. *Jenkins v. Cty.* of Nassau, 2021 WL 1997182 (E.D.N.Y. May 18, 2021). As noted there, the Court awarded plaintiff $40,000, representing $10,000 in compensatory damages, $20,000 in punitive damages against defendant Galgano and $10,000 in punitive damages against defendant Concannon. *Jenkins v. Cty. of Nassau*, No. CV 19-557 (GRB), 2021 WL 1997182, at *11 (E.D.N.Y. May 18, 2021).

Plaintiff then filed a motion for attorneys' fees. DE 54. Plaintiff seeks awards of attorneys' fees of $156,520.14 and costs of $10,371.28 to two firms: Kaufman Lieb Lebowitz &

Frick LLP ("KLLF") and Emery Celli Brinckerhoff Abady Ward & Mazzel LLP ("ECBAWM"). Pl.'s Reply Br. 9, DE 61. In their response, defendants quarrel with the rates charged, cite a litany of purportedly inappropriate charges including duplicative and unnecessary tasks (which, though individually modest, in the aggregate require redress) and argue for a reduction based upon limited success. DE 60.

**DISCUSSION**

Title 42 U.S.C. § 1988 authorizes an attorney's fee award to prevailing plaintiffs in a civil rights lawsuit filed pursuant to 42 U.S.C. § 1983. *James v. City of Boise*, 577 U.S. 306, 306, 136 S. Ct. 685, 193 L.Ed.2d 694 (2016); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "When a plaintiff succeeds in remedying a civil rights violation . . . he serves 'as a private attorney general,' vindicating a policy that Congress considered of the highest priority." *Fox v. Vice*, 563 U.S. 826, 833, 131 S.Ct. 2205, 180 L.ED.2d 45 (2011) (citations omitted). As such, "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (quoting *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933); *see also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The Supreme Court has described this standard as "generous" since nominal damages of one dollar are enough to bring plaintiff across the "prevailing party" threshold. *Farrar*, 506 U.S. at 112, 113 S.Ct. 566; *see also Barbour v. City of White Plains*, 700 F.3d 631, 634 (2d Cir. 2012) (citing *Farrar*, 506 U.S. at 115, 113 S.Ct. 566).

Here, plaintiff qualifies as a "prevailing party" under § 1988 as plaintiff established Fourth and Fourteenth Amendment violations of unlawful search and false arrest. *Jenkins*, 2021 WL 1997182, at *6-*8. The remaining claims, excessive force, assault, and battery were not decided "because, on the facts of this case, any use of force would be subsumed under the aegis of the unlawful search and false arrest claims discussed above, so the damages would be coextensive." *Id*. at *9. Finally, plaintiff overcame the substantial barrier qualified immunity imposes to find defendants liable for these violations. *Id*. Therefore, the remaining question is what fee award to plaintiff is considered "reasonable." *See Hensley*, 461 U.S. at 433, 103 S.Ct. 1933; *see also Farrar*, 506 U.S. at 114-15, 113 S.Ct. 566 ("In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all.").

"Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case– creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Perdue*, 559 U.S. at 553, 130 S.Ct. 1662; *see also Millea*, 658 F.3d at 167). "[T]he lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 559 U.S. at 551, 130 S.Ct. 1662. "The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Lilly v. City of New York*, 934 F.3d 222, 231 (2d Cir. 2019).

"The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Maldonado v. Srour*, No. 13-CV-5856

(ILG)(JO), 2016 WL 5864587, at *1 (E.D.N.Y. Oct. 6, 2016). "The moving party 'must support its application by providing contemporaneous time records that detail "for each attorney, the date, the hours expended, and the nature of the work done."'" *Riley v. City of New York*, No. 10-CV-2513 (MKB), 2015 WL 9592518, at *2 (E.D.N.Y. Dec. 31, 2015) (quoting *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Feltzin v. Union Mall, LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (citation omitted).

**Attorney Rates and Hours**

The Second Circuit instructed district courts to consider "all case-specific variables" including factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) in determining the reasonable hourly rate. *Lilly*, 934 F.3d at 230.[1] The Court "need not robotically 'recite and make separate findings as to all twelve of the Johnson factors.'" *Vanacore v. Expedite Video Conferencing Servs., Inc.*, No. 14-CV-6103 (GRB), 2019 WL 96243, at *1 (E.D.N.Y. Jan. 3, 2019) (quoting *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 865 F. Supp. 2d 284, 291 (E.D.N.Y. 2012), *aff'd*, 710 F.3d 57 (2d Cir. 2013), *and amended*, 956 F. Supp. 2d 402 (E.D.N.Y. 2013)); see also *Lilly*, 934 F.3d at 233 ("strict application of the Johnson method of calculating attorney's fees used by the Fifth Circuit is too imprecise and variable to be reliable . . . ."). "[T]he most critical factor in a

---

[1] The twelve Johnson factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Lilly*, 934 F.3d at 228 (citing *Johnson*, 488 F.2d 714, *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).

district court's determination of what constitutes a reasonable attorneys' fee in a given case is the degree of success obtained by the plaintiff." *Konitz v. Karahalis*, 409 F. App'x 418, 421 (2d Cir. 2011).

After careful consideration of the parties' briefings, there are questions related to rates and hours charged. Given the broad latitude afforded to the court in resolving such disputes, *see Feltzin*, 393 F. Supp. 3d at 212 (noting the "broad discretion" district courts have to assess the reasonableness of each component of a fee award), *see also Fox*, 563 U.S. at 838, 131 S.Ct. 2205 (citation omitted) ("the determination of fees 'should not result in a second major litigation'"), the Court finds that an across-the-board reduction of 20% of the attorneys' fees sought by plaintiff will serve as a reasoned estimate of these inappropriate charges and the issues regarding rates. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'") *quoting Hensley*, 461 U.S. at 434, 103 S.Ct. 1933; *N.Y.S.A.R.C., Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)); *see also Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items."). Thus, attorneys' fees sought are reduced as follows:

| Requested Attorneys' Fees | Reduced Attorney's Fees |
| --- | --- |
| KLLF - $72,700 | $58,160 |
| ECBAWM - $83,160 | $66,528 |

The court finds such a reduction adequately accounts for the issues raised by defendants.

Defendants seek further reduction based upon claims of limited success, but given the important rights vindicated here, such a reduction is not warranted. *Jenkins*, 2021 WL 1997182, at *1 ("the defendant police officers conducted an improper and unlawful search of the plaintiff, an automobile passenger who, no one disputes, did nothing wrong, suspicious or threatening. Furthermore, the evidence demonstrates that those police officers, who created false police records and made demonstrably false statements during the trial, used excessive and improper methods while taking these actions against the plaintiff.").

**Costs**

Plaintiff seeks costs of $10,393.40. Defendants argue that expenses related to travel and meals which, as revised, amount to $83.50, should not be awarded. DE 60 at 19. The Second Circuit has held that "attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). "[C]osts associated with legal research, postage, subway fare, taxi fare, deposition transcripts, translations and other similar expenses are all within the ambit of costs that are routinely recoverable." *Trs. of Empire State Carpenters Annuity v. Rodrigue*, 13-CV-5760 (JS) (SIL), 2018 WL 1867100 at *4 (E.D.N.Y. Feb. 7, 2018) (citations and internal quotations omitted), *report and recommendation adopted by* 2018 WL 1087944 (E.D.N.Y. Feb. 23, 2018). Thus, plaintiff's travel costs are reasonable and should be awarded. Costs are awarded in the following amounts: $1,551.14 to KLLF and $8,820.14 to ECBAWM.

**CONCLUSION**

It is hereby ORDERED that Defendants shall pay Plaintiff attorneys' fees and costs in the amounts detailed herein.

SO ORDERED.

Dated: Central Islip, New York
      November 10, 2021

                                                /s/ Gary R. Brown
                                                HON. GARY R. BROWN
                                                United States District Judge